Filed 1/16/24  P. v. Garza CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY GARZA,<br><br>        Defendant and Appellant. | E082166<br><br>(Super.Ct.No. INF1601917)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Dean Benjamini, Judge.  Affirmed.

Marcia R. Clark, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury found defendant and appellant Anthony Garza guilty of second degree murder (Pen. Code, § 187, subd. (a), count 1)[1] and found true an allegation that he

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

1

discharged a firearm causing great bodily injury and death (§ 12022.53, subd. (d)).[2] The trial court sentenced him to 15 years to life, plus 25 years for the firearm enhancement. (*Garza*, *supra*, E077734.)

On appeal from the judgment, we remanded the matter for resentencing for the court to consider whether to impose a lesser, uncharged firearm enhancement in lieu of the charged allegation. (*Garza*, *supra*, E077734.) On remand, the court declined to do so.

After defendant filed a notice of appeal, this court appointed counsel to represent defendant. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of facts, a statement of the case, and requesting that we independently review the record. Defendant was offered the opportunity to file a personal supplemental brief, which he has not done. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

After smoking methamphetamine and drinking alcohol in the garage in which defendant was staying, defendant and the victim became embroiled in a verbal and physical altercation. Defendant then shot the victim in the forehead. Defendant and an associate wrapped the victim's body in a blanket and moved it to the alley behind the

---

[2] We take judicial notice of our prior opinion in defendant's appeal from the judgment. (*People v. Garza* (Jan. 10, 2023, E077734) [nonpub. opn.]; Evid. Code, §§ 452, 459.)

home's backyard. The body was discovered at least a day later. (*Garza*, *supra*, E077734.)

Defendant requested the court strike his firearm enhancement. At sentencing, the trial court stated: "In this particular case, I cannot fathom how it would be in the interest of justice to strike that particular gun allegation. The killing was done in a cruel manner. It was done in a vicious manner. It was done in a senseless manner. It was done callously. The treatment of the decedent afterwards was as equally cruel, vicious, and callous, simply dragging someone out and leaving them in the desert, as [the victim's] family so bluntly put it, like an animal. [¶] Most people wouldn't even treat their pets that way. And if their pet died, they would make sure they had a proper burial and not just thrown out and dragged out and left to rot in the desert. [¶] [Defendant's] actions demonstrate someone who has absolutely no regard whatsoever for humanity, no regard for anyone else. And someone who is not meritorious of the Court exercising its discretion under 1385 to strike that allegation. So, therefore, the request to strike the allegation is denied at this time." (*Garza*, *supra*, E077734.)

On appeal from the judgment, defendant contended resentencing was required because the court was unaware of its discretion to impose a lesser, uncharged firearm enhancement. We noted that at the time of defendant's sentencing, the California Supreme Court had not yet issued its decision in *People v. Tirado* (2022) 12 Cal.5th 688, which held that subdivision (h) of section 12022.53 authorizes trial courts to strike a greater, charged section 12022.53 enhancement and impose a lesser, uncharged section 12022.53 enhancement. Thus, we held that the matter should be remanded for

3

resentencing for the trial court to consider all sentencing options under section 12022.53. (*Garza*, *supra*, E077734.)

On remand, the court stated: "The comments which I made at the time of sentencing regarding the cruel, callous, vicious nature of the attack do not change, obviously. There's nothing to change those. The facts have not changed as to what happened at the underlying offense, and I stand by those statements as they were stated at the original sentencing, and I'm incorporating all my comments that I made at the original sentencing . . . ." The court declined to exercise its discretion to impose a lesser enhancement.

## II. DISCUSSION

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

## III. DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER _____
                                                                        J.

We concur:

RAMIREZ _____
                    P. J.

CODRINGTON _____
                    J.

4